UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-20992-CIV-TURNOFF (LENARD)

FERNANDO REIS, and all others similarly
situated under 29 U.S.C. §216(B),

      Plaintiff(s),                  CONSENT CASE

v.

THIERRY'S INC., and THIERRY ISAMBERT,

      Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** came before the Court upon Defendants Thierry's, Inc. and Thierry

Isambert's Motion for Partial Summary Judgment. **[DE 28]**. The Court has considered

Defendants' Motion, Defendants' Statement of Undisputed Facts **[DE 29]**, Defendants'

Notices of Filing Discovery **[DE 30, 31, 32, 35]**, Plaintiff's Response **[DE 33]**, Plaintiff's

Statement of Material Facts in Opposition **[DE 34]**, Defendants' Reply **[DE 36]**, the

applicable law, and is otherwise duly advised in the premises.

### Background

On April 11, 2008, Plaintiff Fernando Reis filed suit against Defendants Thierry's,

Inc., a catering company, and Thierry Isambert, owner of the corporate Defendant, seeking

to recover damages for unpaid overtime wages pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201, et seq. In the Amended Complaint, filed on April 15, 2008,

Plaintiff alleged that he worked as a server in Defendant catering company from January

Case No.: 08-20992-CIV-TURNOFF (LENARD)

15, 2003, through April 2, 2008. **[DE 5]** Am. Comp. ¶ 9. Plaintiff alleged that he worked

an average of 50 to 60 hours per week for approximately 10 months out of the year at an

hourly rate of $17.00, but was never paid overtime wages in excess of 40 hours per week.

Id. at ¶ 10, 13. Plaintiff further alleged that Defendants willfully and intentionally refused

to pay overtime as required by law, thus requiring the extension of the two-year statute of

limitations imposed by the FLSA to include a third year. Id. at ¶ 12.[1]  As such, Plaintiff

claims unpaid overtime wages for the time period beginning on April 11, 2005, through

June 1, 2007. Id. at ¶ 13.  In addition to seeking compensatory damages for unpaid

overtime and liquidated damages from all Defendants, jointly and severally, Plaintiff seeks

to recover reasonable attorney's fees and costs. Id. at ¶ 13.

Plaintiff estimates his damages, including liquidated damages, to be $23,460.00,

for the period of time from April 11, 2005, through June 1, 2007, which is 2 years, 1 month,

and 21 days, or 111 weeks.  Based upon the fact that he worked only 10 months out of the

year, Plaintiff concluded that he worked 83% of the year.  As such, Plaintiff based his

overtime claim on 92 weeks (83% of 111 weeks).  Plaintiff estimated that, during this

period, he worked 15 overtime hours per week, based on an average of 50 to 60 hours per

work week, at a rate of $8.50 per hour, based upon a regular hourly rate of $17.00.  Thus,

an average of 15 hours per week, at $8.50 per hour, for 92 weeks, totals $11,730.00 in

unpaid overtime wages. Accounting for liquidated damages, the amount is doubled for an

---

[1]     Although the statute of limitations is ordinarily two years, a cause of action
arising out of a willful violation of the FLSA may be filed within three years after the
cause of action accrued. 29 U .S.C. § 255(a).

Case No.: 08-20992-CIV-TURNOFF (LENARD)

aggregate total of $23,460.00 in damages.

Defendants filed an Answer and Affirmative Defenses wherein they admitted, for purposes of streamlining the litigation only, that the FLSA was applicable to Plaintiff's claims, that Plaintiff was under their employ, and that Plaintiff was not paid overtime wages during the applicable two-year statute of limitations period imposed by the FLSA. **[DE 11]** Ans. ¶¶ 3, 9, and 11. Defendants calculated the recoverable statutory period as extending from April 18, 2006, through December 31, 2006. Any claim seeking compensation prior to April 18, 2006, Defendants argued, was barred by the two-year statute of limitations period. According to Defendants' time records, during the two-year statutory period, Plaintiff worked 130.75 overtime hours for which he was not compensated. For the sole purpose of resolving this litigation, Defendants admitted that Plaintiff was entitled to receive overtime wages in the amount of $1,099.63 for those overtime hours. Id. at ¶ 11. Moreover, although Defendants deny that they willfully and intentionally refused to pay Plaintiff overtime wages, for purposes of resolving this litigation, they agreed to pay him an equal amount in liquidated damages, for an aggregate total of $2,199.26 in damages.

### Defendants' Motion for Partial Summary Judgment

Defendants filed the instant Motion for Partial Summary Judgment arguing that there are no genuine issues of material fact as to the number of overtime hours worked and the overtime wages that Plaintiff is entitled to receive for the applicable two-year statutory period extending from April 18, 2006, through December 31, 2006. In support, Defendants cite Plaintiff's deposition testimony wherein Plaintiff was presented with copies of

Case No.: 08-20992-CIV-TURNOFF (LENARD)

Defendants' computer-generated time records kept in the ordinary course of business for the applicable statutory period. Upon review of same, Plaintiff testified that he believed the number of hours worked was correct. **[DE 31]** Reis Depo. at 21:6-15.

Defendants further argued that, because the overtime hours worked and damages owed to Plaintiff for unpaid overtime work during the statutory period has been established, the only issue remaining for the Court is whether Plaintiff is entitled to receive overtime compensation for an additional year, pursuant to 20 U.S.C. § 255, because the employer's conduct amounts to a "willful" violation of the FLSA. Defendants argued that, should the Court extend the statute of limitations an additional year upon a finding that Defendants willfully violated the FLSA, there are no genuine issues of material fact in dispute with respect to the number of overtime hours worked and the corresponding overtime wages due for the additional one-year period. In support, Defendants cite Plaintiff's deposition testimony wherein, upon review of Defendants' time records for April 18, 2005, through April 11, 2006, Plaintiff agreed the number of overtime hours and the corresponding wages due were accurate—$1,818.13 in overtime wages; $3,636.26 with liquidated damages. **[DE 31]** Reis Depo. 29:7-32. As such, Defendants argue that they would be entitled to partial summary judgment with respect to the additional one-year period as well.

In opposition to Defendants' Motion for Partial Summary Judgment, Plaintiff argued that Defendants never produced the original handwritten time sheets that were signed by Plaintiff and turned in after every job. Instead, Defendants submitted computer-generated time records based upon the originals. Plaintiff argued that this constitutes a failure to

Page 4 of 10

Case No.: 08-20992-CIV-TURNOFF (LENARD)

maintain adequate records as required by the FLSA.   Thus, according to Plaintiff,

Defendants have failed to meet their burden pursuant to <u>Anderson v. Mt. Clemens Pottery</u>

<u>Co.</u>, 328 U.S. 680, 686-87 (1946), *superceded by statute on other grounds as stated in*

<u>Bonilla v. Baker Concrete Constr., Inc.</u>, 487 F.3d 1340, 1344, n.6 (11th Cir. 2007), and  are

not entitled to summary judgment on the issues of the number of overtime hours worked

by Plaintiff or the corresponding amount of wages owed for either of the time periods.  In

support of his Response, Plaintiff submitted an Affidavit in which he indicated that, based

upon his own recollection of the hours he worked, the computer-generated time sheets that

he was shown at his deposition do not accurately reflect same. **[DE 34-2]**.  Plaintiff further

indicated that Defendants have failed to produce the original handwritten records despite

several requests.

Plaintiff sets forth in his Affidavit that, by testifying at his deposition that the time

records shown to him as Composite Exhibits 3 (April 18, 2005, through April 11, 2006) and

5 (April 18, 2006, through December 31, 2006) appeared to be an accurate summary for

those time periods, he did not intend to express that he agreed with the actual accuracy

or reliability of the documents he was shown, but rather that the records seemed to record

the same type of information the handwritten sheets contained.  Moreover, he indicated

in his Affidavit that, by his deposition testimony he meant to express that the copies of time

records shown to him seemed to be an accurate summary of Defendants' computer-

generated records, but he had no intention of expressing that he believed such was an

accurate and true depiction of the original handwritten records which were not shown to

Case No.: 08-20992-CIV-TURNOFF (LENARD)

him during the deposition.

Defendants argued that, through his Affidavit, Plaintiff was attempting to change his deposition testimony.  According to Defendants, Plaintiff did not dispute Defendants' calculations with respect to either the two-year statute of limitations period or the additional one-year period during his deposition and did not file an errata sheet in connection therewith.  Defendants further argued that the computer-generated time records that are kept in the ordinary course of business are accurate and complete, and that they are in possession of the original handwritten time records.  Defendants cite the deposition testimony of their accountant, Elia Delgado, and of Defendant owner, both of whom testified that they have the handwritten original time sheets. **[DE 30]** Delgado Depo. at 12:10-15; **[DE 35]** Isambert Depo. at 32:13-17.  According to Defendants, although they made these original documents available, Plaintiff neither requested them formally nor made arrangements to review them.  Defendants maintain that they have provided all the time records for Plaintiff's hours and rates of pay from April 2005 through December 2006.

### Legal Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden is upon the movant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An issue of fact is "material" if it pertains to a legal element of the claim under the applicable

substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir.1997). An issue of fact is "genuine" if the record, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. Id.

In determining whether summary judgment is appropriate, the court must view the facts and inferences from the record in the light most favorable to the non-moving party. Matsuhita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must-by affidavits or as otherwise provided in this rule-set out specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## Discussion

For purposes of resolving the litigation, Defendants have admitted several elements of Plaintiff's FLSA claim. Defendants have admitted that Plaintiff is owed overtime wages according to their time records and have agreed to pay same, as well as liquidated damages, for the two-year statutory period. However, Plaintiff disputes the accuracy of Defendants' computer-generated time records and believes the statute of limitations should be extended an additional year because Defendants acted willfully in failing to comply with the FLSA. First, Plaintiff argues that Defendants have failed to keep adequate time records as required by the FLSA. Based upon his own recollection, Plaintiff believes

Case No.: 08-20992-CIV-TURNOFF (LENARD)

that Defendants' records are not an accurate representation of the overtime hours reflected on the handwritten time sheets that he signed and turned in after every job. Plaintiff alleges throughout that he has not been provided with the original handwritten time sheets despite several requests. Although Defendants allege that they are in possession of the handwritten time sheets upon which the computer-generated time records are based, it appears that they have failed to produce these records to Plaintiff. In their pleadings, Defendants stated that they made the handwritten documents available but that Plaintiff failed to request them or arrange to inspect them. A review of the transcript of Defendant owner's deposition, which was cited by Defendants in their Reply, reveals that, at least once, Plaintiff's counsel requested copies of the handwritten records. **[DE 35]** Isambert Depo. at 35:21-24. The Court is perplexed as to why Defendants' handwritten documents, if they exist, have not been provided to Plaintiff despite the clear request.

Defendants' Motion for Partial Summary Judgment is based upon Plaintiff's admissions in his deposition that Defendants' time records for the two-year statutory period that he was shown at his deposition, and for the additional year, should the statute of limitations be extended, were accurate. As noted *supra*, Plaintiff's deposition testimony is at odds with the Affidavit he filed in opposition to Defendants' Motion for Partial Summary Judgment, wherein he qualified his deposition answers such that they are inconsistent with Defendants' interpretation of same. Resolution of this case, thus, will require credibility determinations, decisions on disputed facts, and the weighing of conflicting evidence. Such considerations are the province of a jury and not a court

Case No.: 08-20992-CIV-TURNOFF (LENARD)

considering a motion for summary judgment. See Liberty Lobby, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.").

Lastly, in their Motion, Defendants argue that the only issue for the Court to decide is whether Plaintiff is entitled to receive overtime compensation for an additional year pursuant to 20 U.S.C. § 255, because the employer's conduct amounts to a willful violation of the FLSA. In this connection, Defendants argue that, should the statute of limitations be extended, partial summary judgment should be granted with respect to the number of hours worked and the amount of overtime wages owed for the additional one-year period based upon Plaintiff's deposition testimony. As discussed *supra*, this argument suffers from the same infirmity as Defendants' arguments regarding the overtime hours and wages owing for the two-year statutory period. Notwithstanding, the issue of whether a violation of the FLSA is willful is a question for the jury and is not properly decided by the Court in summary judgment. McGuire v. Hillsborough County, FL, 511 F.Supp.2d 1211, 1218 (M.D. Fla. 2007).

Thus, the undersigned finds that the entry of partial summary judgment as requested by Defendants in their Motion is inappropriate.

## Conclusion

There are material issues of fact in dispute which are not appropriately resolved by the Court by way of summary judgment. Defendants cannot establish that they are entitled to partial summary judgment as to the number of hours worked by Plaintiff or the amount

Case No.: 08-20992-CIV-TURNOFF (LENARD)

of corresponding overtime wages owed for either the two-year statute of limitations period

or the one-year extension period.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for

Partial Summary Judgment **[DE 28]** is **DENIED**.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this ___ day of June 2009.

**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc: Hon. Joan A. Lenard
    Counsel of record