## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

FERNANDO REIS
and all other similarly situated under 29 U.S.C. 216(B),
Plaintiff,

vs.                                        CASE # 08-20992-CIV-TURNOFF

CONSENT CASE

THIERRY'S, INC.
THIERRY ISAMBERT
Defendants.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTION IN LIMINE

COMES NOW Plaintiff, through the undersigned, in response to the above-described

Defendants' Motion as follows:

## INTRODUCTION

1.  This matter sounds under the Fair Labor Standards Act ("FLSA").

2.  Defendants' motion should be denied as follows.

## MEMORANDUM OF LAW AND ARGUMENT

As to the Admissions, Request for Production and Interrogatories (Exhibits 1, 2, 3

and 4), Defendants admit the Admissions, Interrogatories and Answer would be relevant

for impeachment.  In filing those Exhibits, Plaintiff reserves his right to impeach

witnesses as necessary regarding the said Exhibits (including the Request for Production

with respect to the documents produced or not).

Exhibit (5) is attached herewith—the letter of Tanya Sanchez dated 4/21/06.

Such evidence is crucial in that it admits Plaintiff was Defendants' employee.

Defendants plan to argue Plaintiff was not an employee but an independent contractor.

1

Such letter greatly impacts the determination of whether Defendants in good faith believed Plaintiff was an independent contractor to argue Plaintiff was not an employee covered by the FLSA.  The letter identifies Sanchez as an "Executive Assistant" who is apparently exercising authority as a management agent speaking on behalf of the corporate Defendant.  Analogously, in _Zaben v. Air Prods. & Chems., 129 F.3d 1453, 1456 (11th Cir. 1997)_, the Eleventh Circuit discussed a similar issue dealing with the admissibility of hearsay statements.

> "Under the Federal Rules of Evidence, " "**hearsay'** is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). As a general rule, "**hearsay** is not admissible except as provided by these rules...." Fed.R.Evid. 802. Excepted from the definition of **hearsay,** however, is "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship," which is deemed an admission by a party opponent. See Fed.R.Evid. 801(d)(2)(D).

Similarly, the Third Circuit has held that an employee may testify about statements made by supervisor regarding company policy toward older employees. See, _Abrams v. Lightolier Inc., 50 F.3d 1204, 1216 (3d Cir.1995)._  The court found that there was no double hearsay problem because the supervisor's explanation, if offered in person by the supervisor, would not be subject to a hearsay objection. _Id_. In each of these cases, the supervisor's statements to their subordinates were found to have been made within the ordinary scope of their duties.   At the least Plaintiff should be permitted to question Sanchez at trial about the letter and admit same.  In the instant case, Sanchez is an Executive Assistant that has apparently been given authority to speak on behalf of the corporate Defendant making a statement relevant to the employment relationship. Plaintiff also reserves the right to use Exhibit (5) for impeachment purposes.

As to Exhibits 6 and 7, such are directly relevant and crucial to the question of whether Defendants' FLSA violations were willful with respect to for example liquidated damages.  Certainly if Defendants were sued previously in wage related lawsuits, such will be important regarding whether Defendants had knowledge of the FLSA's mandates and whether affirmative step were thereafter taken to avoid continued violations.  At the least, Plaintiffs reserve the right to use those Exhibits for impeachment.  Regardless of the outcome of those litigations, such put Defendants on notice of the FLSA's mandates for purposes of issues relevant to willfulness.

WHEREFORE, PLAINTIFF RESPECTFULLY MOVES THIS COURT TO DENY DEFENDANTS' MOTION AS STATED.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: KRL_KELLY@YAHOO.COM**
**F.B.N. 0123870**
**BY:_____K. David Kelly__/s/_____**
**K. DAVID KELLY, ESQ.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED TO THE FOLLOWING SUBSEQUENT TO E-FILING:**

**ALL ATTORNEYS ON E-FILING LIST**

**JAMERSON & SUTTON LLP**
**ATTORNEYS FOR DEFENDANT**
**2655 S LE JEUNE RD PH II**
**CORAL GABLES, FLORIDA 33134**
**FAX: 305-446-5236**

**BY:_____/s/ K. David Kelly_____**
**K. DAVID KELLY, ESQ.**