UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 08-20992-CIV-LENARD/TURNOFF

FERNANDO REIS,

    Plaintiff,

v.                                                                                  CONSENT CASE

THIERRY'S, INC., and
THIERRY ISAMBERT

    Defendants.
_____/

**DEFENDANTS MOTION IN LIMINE TO EXCLUDE EVIDENCE AND OBJECTION TO ITS INTRODUCTION AND TO EXCLUDE TESTIMONY REGARDING SAME**

    Defendants THIERRY'S, INC., and THIERRY ISAMBERT, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure hereby file their Motion in Limine to Exclude Evidence and Objection to Its Introduction and to Exclude Testimony Regarding Same and state the following in support thereof:

### I. INTRODUCTION

    1.    Plaintiff Reis filed his Third Amended Exhibit List on September 9, 2009. [DE 79].

    2.    Plaintiff Reis has listed a 9 Exhibits that he will seek to introduce at trial.

    3.    Defendants have previously filed their Motion in Limine to Exclude Evidence [DE 65], and a Supplement to their Motion in Limine [DE 66].

    4.    In the Third Amended Exhibit List, Plaintiff is now seeking to introduce the Docket and Complaint filed in Case Number 04-civ-22495 Jones v. Thierry's Inc.  (Exhibit 8).

5.       This exhibit and any testimony concerning same is inadmissible pursuant to the Federal Rules of Evidence.

6.       Defendants list below the legal basis for the proposed exclusion of this Exhibit, and any testimony concerning same.

## II.  STANDARD OF REVIEW

It is axiomatic that, while not specifically provided for in the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence, motions in limine are a well-recognized and acceptable means by which a district court, in the exercise of its sound discretion, can exclude evidence that otherwise is inadmissible.  *See*, *e.g.*, Luce v. United States, 469 U.S. 38, 41 (1984) (holding that federal district courts have authority to make in limine rulings pursuant to their inherent authority to manage trials).  Indeed, federal courts repeatedly have recognized that motions in limine greatly "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (quoting Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc., 652 F. Supp. 1400, 1401 (D. Md. 1987)).

As a general rule, a party moving to exclude evidence has the burden of demonstrating that the evidence is inadmissable on any relevant ground.  *See*, *e.g.*, Plair v. E.J. Brach & Sons, Inc., 864 F. Supp. 67, 69 (N.D. Ill. 1994).  It is equally well-established that the ruling on a motion in limine: (1) is interlocutory in nature and may, within the district court's discretion, be altered, based on, among other things, developments at trial, at any stage of the proceedings; and (2) will not be disturbed on appeal, absent an abuse of discretion.  *See*, *e.g.*, Luce, 469 U.S. at 41.

Finally, but not less importantly, federal courts repeatedly have held that an evidentiary ruling in limine does not "relieve a party from the responsibility of making objections, raising motions to strike or making formal offers of proof during the course of trial." Thweatt v. Ontko, 814 F.2d 1466, 1470 (10th Cir. 1987).

### III.  EXHIBIT AND TESTIMONY TO BE EXCLUDED

– Exhibit No. 8 – **Docket and Complaint filed in Case Number 04-civ-22495 Jones v. Thierry's Inc.** – Plaintiff is seeking to introduce the Docket and Complaint of a previous case wherein Defendant Thierry's Inc. was a party to the litigation. The case that Plaintiff is seeking to introduce was filed in 2004, outside any applicable statute of limitations for the instant case. The introduction of this exhibit at the eleventh hour before trial is highly prejudicial to Defendants.  If any testimony as to this 2004 litigation is permitted, and/or Exhibit 8 is permitted to be introduced as evidence, the Defendants would be highly prejudiced.  If the 2004 litigation is permitted, in any manner, to be presented to the jury, then Thierry's Inc. would be obligated to explain to the jury why this litigation would be irrelevant, or would be of no consequence to the instant case.  In order to do so, undersigned counsel, would be required to fully investigate the 2004 litigation, and call appropriate witnesses including:  the accountant for Thierry's Inc. in 2001 and after; Lee Philip Marks, Esq., counsel for Thierry's Inc., in the 2004 litigation; Ralph Jones, the Plaintiff in the 2004 litigation; the record custodian for Thierry's Inc. in 2001 and after; the in-house accountant for Thierry's Inc. in 2001 and after; various staff of Thierry's Inc. from 2001 – 2004; Haydee Herrera, the registered agent for Thierry's Inc.; and possibly others. Further, the Complaint in the 2004 litigation makes conclusory allegations, and does not properly set forth any claim for unpaid overtime pursuant to the FLSA.  For example, in the instant

litigation, this Court, through Judge Lenard issued a "Notice of Court Procedure in Actions Brought Under the Fair Labor Standards Act" [DE 3].  The 2004 Complaint would not have withstood this scrutiny.  As such, counsel for Thierry's Inc. would be required to obtain documents, and other evidence to accurately understand, investigate, and fully explain the 2004 litigation.

The Complaint is hearsay, and is inadmissible since it does not qualify for admission under any exception.  This pleading includes statements, other than those made by the declarant while testifying at the trial, or hearing, offered in evidence to prove the truth of the matter asserted.  Federal Rule of Evidence 801.

Defendants do not deny the existence of this previous litigation, however, the documents set forth in Plaintiff Exhibit No. 8 are not relevant, and must be excluded.  Federal Rule of Evidence 402.  Assuming *arguendo* that these documents are deemed relevant, they are highly prejudicial.  Their probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, and the chance of misleading the jury.  Federal Rule of Evidence 403.  This was a case where a Default Judgment was entered against Thierry's Inc., due to a failure by its counsel to respond in a timely manner to the Complaint.  Judge King entered a Default Judgment, and denied Thierry's Inc.'s Motion to Set Aside the Default Judgment, due to an error made by counsel for Thierry's Inc.  Since there was a Default Judgment entered against Thierry's Inc., it had no choice but to resolve this judgment.  There was never an Answer filed as to the Complaint.  There were never any pleadings filed by Thierry's Inc.  Finally, there is no indication that this matter was ever actually considered on its merits.  Consequently, the introduction of this docket sheet would be clearly confusing to the jury, and highly prejudicial to the Defendants.

Many of the pleadings have no relevancy whatsoever. The difficulty in the introduction of other litigation is that it is not relevant to the instant case and creates impressions to the jury that would be unfair and prejudicial. There must be a substantial relevancy argument that first, should precede the introduction of any matters concerning other litigation. Even so, the Court must, with great care, consider the prejudicial effect on the Defendants.

Additionally, while there is no specific reference to a settlement in the docket sheet that Plaintiff is seeking to introduce, any testimony that would be elicited from Defendants in this matter, would undoubtedly refer to settlement, which is inadmissible under Federal Rule of Evidence 408, in that it provides evidence of a compromise of claims alleged, that were disputed as to their validity, and as such is inadmissible to prove liability for the claim. This forced settlement occurred as a result of a Default Judgment, and Judge King's denial of a Motion to Set Aside the Default Judgment.

WHEREFORE, it is respectfully requested that this Court Order that the above described exhibit that Plaintiff Reis may seek to introduce and any testimony related thereto be excluded from the trial, and any other relief this Court deems just and proper.

## CERTIFICATE OF CONFERRAL

Alexander Pastukh, Esq., from Jamerson & Sutton LLP, counsel for Defendants did not have an opportunity to confer on this matter with Daniel Feld, Esq., or J.H. Zidell, Esq., counsel for Plaintiff, because Plaintiff filed its Third Amended Exhibit List including Exhibit 8 at 4:57 pm on Wednesday, September 9, 2009, and the Pretrial Conference is scheduled before this Court tomorrow, Thursday, September 10, 2009.

Dated: September 9, 2009                              Respectfully submitted,

                                                     /S JOHN O. SUTTON
                                                     John O. Sutton, Esquire
                                                     alex@jamersonsutton.com
                                                     Jamerson & Sutton LLP
                                                     2655 LeJeune Road, PH II
                                                     Coral Gables, FL 33134
                                                     Tel: 305-448-1295
                                                     Attorneys for Defendants


**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on September 9, 2009 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties whoa are not authorized to receive electronically Notices of Electronic Filing.

                                                     /S John O. Sutton
                                                     John O. Sutton, Esq.


**SERVICE LIST**
**Fernando Reis v. Thierry's Inc. and Thierry Isambert**
**CASE NO.: 08-20992-CIV-LENARD/TURNOFF**
**United States District Court for the Southern District of Florida**

K. David Kelly, Esq.
J.H. Zidell, P.A.
300 71st St., #605
Miami Beach, FL 33141
Ph: 305-865-6766
Fax: 305-865-7167
Email: Krl_kelly@yahoo.com
Attorneys for Plaintiff