UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-20992-CIV-TURNOFF (LENARD)

FERNANDO REIS, and all others similarly
situated under 29 U.S.C. §216(B),

      Plaintiff(s),                     <u>CONSENT CASE</u>

v.

THIERRY'S INC., and THIERRY ISAMBERT,

      Defendants.

_____/

## <u>ORDER</u>

**THIS CAUSE** came before the Court upon Plaintiff's Verified Motion for Attorney's Fees and Costs Pursuant to 29 U.S.C. 216(b) and Local Rule 7.3. **[DE 106]**.  The Court has considered the Motion, the response **[DE 108]**, the reply **[DE 109]**, the applicable law, and is otherwise duly advised in the premises.

### **Background**

Plaintiff brought an action against Defendants to recover unpaid wages pursuant to the Fair Labor Standards Act  ("FLSA"), 29 U.S.C. §§201-216. **[DE 1]**.  Following a three-day jury trial, the jury returned a verdict for Plaintiff on September 16, 2009. **[DE 90]**.  Defendants filed a Renewed Motion for Judgment as a Matter of Law or, Alternatively, Motion for Judgment Notwithstanding the Verdict, and Motion for New Trial and Motion for Remittur [*sic*]. **[DE 93]**.  Plaintiff filed a Motion for Liquidated Damages seeking the entry

Case No.: 08-20992-CIV-TURNOFF (LENARD)

of a final judgment in the amount of $2,922.13, plus liquidated damages, for an aggregate total of $5,844.26. **[DE 92]**.  On January 18, 2010, the Court entered an Omnibus Order denying Defendants' Motion for Judgment as a Matter of Law and granting Plaintiff's Motion for Liquidated Damages. **[DE 105]**.

### Plaintiff's Motion for Attorneys Fees and Costs

Based upon his prevailing party status in an FLSA action, Plaintiff now seeks an award of attorney's fees in the amount of $55,212.50.  Plaintiff also seeks an award of costs in the amount of $1,478.44, pursuant to Rule 54(d) and 28 U.S.C. §1920. **[DE 107]**.

Although Defendants concede Plaintiff's entitlement to recover attorney's fees and costs and do not contest the hourly rates set forth by Plaintiff's counsel, Defendants challenge the amount of fees and costs and seek a reduction.  In this connection, Defendants argue that many time entries are unreasonable, excessive, and/or redundant.

### Legal Standard

The standard for measuring reasonable attorney's fees in the Eleventh Circuit is the lodestar method, which requires this Court to multiply the reasonable hours expended by Plaintiff's counsel by the reasonable hourly rates charged by Plaintiff's counsel and his associates.  Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); Cuban Museum of Arts & Culture, Inc. v. City of Miami, 771 F.Supp. 1190, 1191

Case No.: 08-20992-CIV-TURNOFF (LENARD)

(S.D. Fla. 1991).   Plaintiff bears the burden of documenting the reasonable hours expended and the reasonable hourly rates.  ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (citing Norman, 836 F.2d at 1303).  Plaintiff's counsel must also supply detailed evidence of the hourly rates and time expended so that this Court may properly assess the time claimed for each activity.  ACLU, 168 F.3d at 427; Norman, 836 F.2d at 1303.

### Reasonableness of Attorney's Requested Hourly Rate

The first step in calculating the lodestar is to determine a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Norman, 836 F.2d at 1299.  The Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment whether with or without the aid of witnesses as to value."  Id. at 1303.

In this case, Defendants do not dispute the reasonableness of the hourly rates requested by Plaintiff's counsel and his associates (J.H. Zidell, Esq., at $330; David Kelly, Esq., at $300;  Daniel Feld, Esq., at $175; and Isaac Mamane, Esq., at $150).  Upon independent review of the hourly rates, the undersigned finds that they are reasonable.

### Reasonableness of Attorney's Requested Billable Hours

The next step in calculating the lodestar is to determine the reasonable amount of hours expended on the case.  Norman, 836 F.2d at 1301.  In so doing, the Court should exclude "excessive, redundant or otherwise unnecessary" hours from the amount claimed.

Case No.: 08-20992-CIV-TURNOFF (LENARD)

Id. (quoting Hensley v. Eckerhart, 461 U.S. 424 (1983)).

Defendants assert that certain billable hours claimed by Plaintiff are excessive and/or unnecessary.  They further argue that Plaintiff's counsel, who focuses his practice on FLSA actions, employed recycled pleadings in this case and billed excessively for uncomplicated tasks.  While attorneys need not reinvent the proverbial wheel with each case, and while former clients should not finance future clients' litigation, it is a difficult balance to strike.  This Court is "an expert on the question," however, it shall be "reasonably precise in excluding hours thought to be unreasonable or unnecessary." Norman, 836 F.2d at 1301.  Likewise, Defendants share the burden of being reasonably precise in objection and proof of unreasonableness.  Id.

Defendants seek to reduce the amount of requested attorney's fees and specifically contest eight (8) of Plaintiff's billing entries submitted with the original motion.  Although Defendants only contest a specific number of time entries, the undersigned has reviewed all of the billing records submitted by Plaintiff.  The Court may determine a reasonable award based upon its own experience.  Norman, 836 F.2d at 1303; Villano v. City of Boynton Beach, 254 F.3d 1302 (11th Cir. Fla. 2001).  The Court does not need to engage in an hour-by-hour analysis to answer all of Defendants' objections, but instead could reduce the original hours in gross.  See, Trujillo v. Banco Central del Ecuador, 229 F. Supp. 1369, 1376 (S.D. Fla. 2002); accord, Loranger, 10 F.3d at 783.

Upon review of Plaintiff's billing records, the undersigned finds that the entries were contemporaneous, complete, and an accurate reflection of the work done by the attorneys.

Case No.: 08-20992-CIV-TURNOFF (LENARD)

However, the undersigned finds that a reduction is warranted.  Not only were Defendants'

objections largely colorable, but many entries were also block-billed, duplicative and/or

excessive.  Accordingly, the undersigned will apply an across-the-board reduction of thirty

(30) percent to the requested hours claimed by Plaintiff.

Therefore, Plaintiff's requested fee award of $55,212.50 is reduced to **$38,648.75**.

### Costs

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than

attorney's fees shall be allowed as of course to the prevailing party unless the court

otherwise directs."  Because Plaintiff is the prevailing party, he is entitled to receive all

costs recoverable under 28 U.S.C. §1920.  Although trial courts are afforded wide latitude

in ascertaining taxable costs, in exercising its discretion, absent explicit statutory

authorization or contractual authorization, federal courts are limited to those costs

specifically enumerated in 28 U.S.C. §1920. EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th

Cir. 2000).

A judge or clerk of court may tax the following as costs: (1) Fees of the clerk and

marshal; 2) Fees of the court reporter for all or any party of the stenographic transcript

necessarily obtained for use in the case; (3) Fees and disbursements for printing and

witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use

in the case; (5) Docket fees under §1923 of this title; (6)  Compensation of court appointed

experts, compensation of interpreters, and salaries, fees, expenses, and costs of special

interpretation services under §1828 of this title. 28 U.S.C. §1920.

Case No.: 08-20992-CIV-TURNOFF (LENARD)

Plaintiff seeks to recover a total of $1,478.44 in costs pursuant to 28 U.S.C. §1920. These costs are divided between: (1) mediation fees of $365.00; (2) filing fees of $350; (3) service of process fees of $105; (4) subpoena witness fees of $40; (5) transcript fees of $477.20; and (6) demonstrative trial exhibit fees of $141.24.   Plaintiff must not only show that the costs claimed are recoverable, but must also provide sufficient detail and documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court. Lee v. American Eagle Airlines, Inc., 93 F.Supp.2d 1322, 1335 (S.D. Fla. 2000) (movant "bears the burden of submitting a request for expenses that would enable the Court to determine what expenses were incurred and whether Plaintiff is entitled to them") (citing Loranger, 10 F. 3d at 784).   Failure to submit supporting documentation verifying the costs incurred and the services rendered (e.g., bills, invoices, receipts, etc.) can be grounds for denial of costs.  Johnson v. Mortham, 173 F.R.D. 313, 318 (N.D. Fla. 1997) (court denied all undocumented costs, even though costs would have been taxable if properly documented).

Although Plaintiff's entitlement to costs is not in dispute, Defendants object to the taxing of costs incurred in the court-ordered mediation and for demonstrative trial exhibits. Defendants argue that mediation fees are not recoverable, because they are not specifically provided for in §1920.  Indeed, mediation costs are not recoverable under § 1920.   Local Rule 16.2.B.7 provides that, "[a]bsent agreement of the parties to the contrary, the cost of the mediator's services shall be borne equally by the parties to the mediation conference."   Accordingly, Plaintiff's request for an award of costs as to

Case No.: 08-20992-CIV-TURNOFF (LENARD)

mediation fees is **DENIED**.

Defendants next argue that the cost incurred for the demonstrative exhibits used at trial–the enlarged 2006 letter from Tanya Sanchez–is not recoverable because it added no real value.  Such costs are recoverable upon a showing that they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4).  Plaintiff used the letter as proof of Defendants' knowledge that Plaintiff was an employee rather than an independent contractor.  Defendants argue, without providing specific citations, that the Court indicated in oral argument that the contents of the letter were not persuasive for the point Plaintiff's counsel was attempting to make.  The Court finds that the enlargement of the letter was not so much necessary as convenient to the presentation of Plaintiff's case.  Therefore, Plaintiff's request for an award of costs as to the demonstrative exhibit is **DENIED**.

Moreover, upon the Court's review, Plaintiff failed to provide supporting documentation with respect to the costs requested for service of process fees totaling $105.00.  As such, Plaintiff's request for an award of costs as to service of process fees is **DENIED** without prejudice.  Ferguson v. Bombardier Services Corp., 03-539-T-30MSS, 2007 WL 601921, *5 (M.D. Fla. 2007) (allowing award of costs only for costs which were documented by receipts; disallowing costs where claims were not supported by receipts) (internal citations omitted).

Finally, the Court notes that, notwithstanding Plaintiff's failure to provide supporting documentation with the motion regarding the $350.00 filing fee (instead Plaintiff referred the Court to Docket Entry No. 1), the Court will award Plaintiff's costs for same. Galvez v.

Case No.: 08-20992-CIV-TURNOFF (LENARD)

<u>Cuevas</u>, 08-80378-CIV, 2009 WL 1024632, *6 (S.D. Fla. 2009) (allowing recovery of filing fee without supporting documentation).

Therefore, Plaintiff shall be entitled to recover costs in the total amount of **$867.20**.

## Conclusion

After careful consideration of the record and for the aforesaid reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Attorneys Fees and Costs **[DE 106]** is **GRANTED-IN-PART AND DENIED-IN-PART**.  Plaintiff shall recover **$38,648.75** in attorneys fees and **$867.20** in costs, for a total award of fees and costs in the amount of **$39,515.95**.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 25th day of March 2010.

_____

**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc: Hon. Joan A. Lenard
    Counsel of record